**Electronically Filed
Intermediate Court of Appeals
30606
15-NOV-2013
08:50 AM**

NOS. 30606 and 30607

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


NO. 30606
EMERSON M.F. JOU, M.D., Plaintiff-Appellant,
v.
ARGONAUT INSURANCE COMPANY, An Entity, Form Unknown;
CITY AND COUNTY OF HONOLULU, A Self-Insured Governmental Entity;
HEMIC, aka Hawaii Employers Medical Insurance Company, An Entity,
Form Unknown; and MARRIOTT CLAIM SERVICES CORPORATION,
A Corporation, Defendants-Appellees
and
JOHN DOE 1-50; DOE ATTORNEYS 1-50; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10,
Defendants.
(Civil No. 03-1-1445)


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


NO. 30607
EMERSON M.F. JOU, M.D., Plaintiff-Appellant,
v.
HEMIC, aka Hawaii Employers Medical Insurance Company,
An Entity, Form Unknown, Defendant-Appellee,
and
DOES 1-40, Defendants.
(Civil No. 09-1-1529)


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT

MEMORANDUM OPINION
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Plaintiff-Appellant Emerson M. F. Jou, M.D. (Jou) appeals from rulings by the Circuit Court of the First Circuit (circuit court)[1] in two separate but related underlying cases. In appellate case no. 30606, Jou appeals from an "Order Granting Defendant HEMIC's Motion to Enforce Settlement" filed on June 15, 2010 (June 15 Order), in Civil No. 03-1-1445.[2] In appellate case no. 30607, Jou appeals from a Judgment filed on July 8, 2010, in Civil No. 09-1-1529, which was entered pursuant to an "Order Granting Defendant HEMIC's Motion to Enforce Settlement by Dismissing Action", filed June 16, 2010 (June 16 Order). Appellate cases no. 30606 and no. 30607 have been consolidated by this court.

On appeal, Jou contends that the circuit court erred by: (1) enforcing a handwritten memorandum as a settlement agreement because a condition therein was later waived by HEMIC; (2) concluding that unknown claims were released; (3) ruling that, even if the fraud claim accrued after the settlement agreement, a fraud claim does not exist; (4) dismissing Jou's suit for settlement fraud and related torts; (5) not recognizing that HEMIC had a duty to disclose a judgment lien in a settlement conference; and (6) finding Jou at fault for not performing a title search before a settlement conference.

For the reasons discussed below, we affirm as to Civil No. 03-1-1445 and vacate as to Civil No. 09-1-1529.

I. **Background**

In Civil No. 03-1-1445, Jou brought suit against HEMIC and other defendants for *inter alia* insurer bad faith. Ultimately, the circuit court and this court entered judgments

---

[1] The Honorable Gary W. B. Chang presided in both cases.

[2] The June 15 Order is an appealable order under the collateral order doctrine. Cook v. Surety Life Ins., Co., 79 Hawai'i 403, 408, 903 P.2d 708, 713 (App. 1995) ("we hold that an order enforcing a settlement agreement is a collateral order which is appealable.").

2

(Fees/Cost Judgments)[3] awarding HEMIC attorneys' fees and costs against Jou in the total amount of $19,045.40. In an effort to compromise the amounts owed by Jou to HEMIC, a settlement conference was held with the circuit court on May 4, 2009. Jou, HEMIC and the court signed a handwritten memorandum (5/4/09 Memo)[4] memorializing the agreements reached that day. The 5/4/09 Memo appears to contemplate that a release and indemnity agreement (R&IA) would thereafter be executed, but an R&IA was not executed.

Jou contends that when he sought to obtain a loan, he learned that HEMIC had recorded the Fees/Cost Judgments in the Bureau of Conveyances in September 2008 as a lien against his property. Jou thus filed a complaint on July 6, 2009, and an amended complaint on July 9, 2009, initiating the action in Civil No. 09-1-1529 and asserting claims denominated as: tortious judgment lien; settlement fraud; settlement fraud (non disclosure making partial disclosure false); intentional infliction of emotional distress; and negligence.

On February 19, 2010, HEMIC filed a "Motion to Enforce Settlement" in Civil No. 03-1-1445 and a "Motion To Enforce Settlement By Dismissing Action" in Civil No. 09-1-1529. The circuit court held consolidated hearings on both motions. In

---

[3] The two judgments are a circuit court "Judgment" in Civ. No. 03-1-1445-07, filed April 22, 2005, which awarded HEMIC $8,750 in fees and $833.20 in costs, and a "Judgment for Fees and Costs" entered by this court in the same matter on appeal, No. 27281, awarding $9,395 in fees and $67.20 in costs.

[4] The document states:

1. $8,000 (Jou → HEMIC)

2. Jou global release & indemnity (& dismissal)
   -incl. class DCD appeal vs. HEMIC
   of all claims accrued to date of R&IA

3. Jou & related providers ≠ initiate administrative, judicial, or other proceeding for 10 yrs after R&IA executed, arising out of SVS provided by Jou or related providers (incl. Employers)

4. Stip dismiss all
   - own attys fees & costs.

Civil No. 03-1-1445, the court issued its June 15 Order enforcing the settlement set forth in the 5/4/09 Memo. In Civil No. 09-1-1529, the circuit court issued its June 16 Order and the Judgment, which dismissed that action based in part on the settlement set forth in the 5/4/09 Memo.

II. **Valid Settlement Agreement and Release**

In his first point of error, Jou contends that the circuit court erred in upholding the 5/4/09 Memo as an effective settlement agreement and release. He argues that the 5/4/09 Memo was merely a proposal for a release that required the execution of a separate R&IA in the future. Jou also argues that HEMIC abandoned a material condition of the release, apparently by not pursuing execution of a separate R&IA. Jou's arguments lack merit.

At the first hearing on HEMIC's motions to enforce settlement agreement, held on April 9, 2010, the parties *mutually agreed* that the requirement of a separate R&IA would be waived and that the 5/4/09 Memo would serve as the settlement agreement between the parties. On the record, Jou's counsel noted that HEMIC had "pretty much" agreed to "what I would ask the court to do which would be to strike the further obligation to fill out a new release and indemnity agreement." The circuit court then addressed HEMIC's counsel and noted that "an offer has been made to waive by mutual agreement this requirement of a separate release and indemnity agreement and simply use [the 5/4/09 Memo] as the settlement agreement between the parties." HEMIC's counsel agreed. The parties thus agreed to modify the settlement agreement set forth in the 5/4/09 Memo. See Honolulu Fed. Sav. and Loan Ass'n v. Murphy, 7 Haw. App. 196, 204-05, 753 P.2d 807, 813 (1988). Under the modified agreement, a separate R&IA was not required and the 5/4/09 Memo sets forth the terms of the settlement agreement.

Moreover, although Jou raises a variety of arguments that the settlement agreement was fraudulently induced because HEMIC failed to disclose its recordation of the Fees/Cost

4

Judgments, his opening brief makes clear that he did not elect to seek rescission of the settlement agreement. Instead, he elected to pursue an independent action for damages. See Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co., 116 Hawai'i 277, 289, 172 P.3d 1021, 1033 (2007) (holding that "rather than limit a party's remedy to rescission, we believe a defrauded party should be afforded the choice of remedies, i.e., rescission or an independent action for damages."). Thus, there is no basis to rescind or invalidate the settlement agreement on the basis of Jou's claims of fraud.

The June 15 Order in Civil No. 03-1-1445, enforcing the settlement agreement set forth in the 5/4/09 Memo, is therefore affirmed.

## III. Dismissal of Claims in Civil No. 09-1-1529

Jou contends that the circuit court improperly enforced the 5/4/09 Memo as a global release of his claims against HEMIC and thus erred by dismissing Jou's claims in Civil No. 09-1-1529. Jou also contends that the claims asserted in Civil No. 09-1-1529 had not yet accrued when the 5/4/09 Memo was executed and therefore these claims could not have been released by the settlement agreement.

As noted above, the parties mutually agreed to waive any requirement for a separate R&IA, and therefore the 5/4/09 Memo sets forth the entirety of the settlement agreement and release. Under these terms, Jou released "all claims accrued to date[.]" The 5/4/09 Memo also provided that Jou agreed not to "initiate administrative, judicial, or other proceedings for 10 [years] . . . arising out of [services] provided by Jou or related providers (incl. Employers)."

The circuit court acknowledged that there may be a question of whether Jou's fraud claims accrued after the 5/4/09 Memo was executed, but dismissed Civil No. 09-1-1529 on grounds including that the court "simply does not see that a fraud claim exists," that dismissal of the other claims was warranted as part of the parties' efforts to buy their peace under the settlement

5

agreement, and that as to the negligence claim HEMIC had no duty to disclose the existence of the recorded judgments. In essence, therefore, the circuit court's dismissal of Civil No. 09-1-1529 was based in part on the settlement agreement's release of claims and in part on a substantive determination as to the merits of the claims asserted in Civil No. 09-1-1529.

HEMIC's "Motion To Enforce Settlement By Dismissing Action" had exhibits attached thereto which the circuit court considered and hence the motion was not based solely on the allegations in Jou's first amended complaint. Therefore, HEMIC's motion must be treated as a motion for summary judgment. Wong v. Cayetano, 111 Hawai'i 462, 476, 143 P.3d 1, 15 (2006) ("a motion seeking dismissal of a complaint is transformed into a Hawai'i Rules of Civil Procedure (HRCP) Rule 56 motion for summary judgment when the circuit court considers matters outside the pleadings"); HRCP rule 12(c) ("[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56[.]").

We thus review de novo, under summary judgment standards, whether the circuit court properly dismissed the claims in Civil No. 09-1-1529. See Stanford Carr Dev. Corp. v. Unity House Inc., 111 Hawai'i 286, 295, 141 P.3d 459, 468 (2006).

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Kahale v. City and County of Honolulu, 104 Hawai'i 341, 344, 90 P.3d 233, 236 (2004) (citation omitted).

6

> The burden is on the party moving for summary judgment (moving party) to show the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitles the moving party to judgment as a matter of law. This burden has two components.
>
> First, the moving party has the burden of producing support for its claim that: (1) no genuine issue of material fact exists with respect to the essential elements of the claim or defense which the motion seeks to establish or which the motion questions; and (2) based on the undisputed facts, it is entitled to summary judgment as a matter of law. Only when the moving party satisfies its initial burden of production does the burden shift to the non-moving party to respond to the motion for summary judgment and demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.
>
> Second, the moving party bears the ultimate burden of persuasion. This burden always remains with the moving party and requires the moving party to convince the court that no genuine issue of material fact exists and that the moving part is entitled to summary judgment as a matter of law.

Stanford Carr Dev. Corp., 111 Hawai'i at 295-96, 141 P.3d at 468-69 (citation omitted).

We further note that the enforceability of a settlement agreement is a conclusion of law reviewable de novo. Sylvester v. Animal Emergency Clinic of Oahu, 72 Haw. 560, 565, 825 P.2d 1053, 1056 (1992). "If the language of a contract is unambiguous, . . . the interpretation of the contract presents a question of law to be decided by the court. In addition, the determination of whether a contract contains ambiguous terms is a threshold question of law for the court to decide." Wittig v. Allianz, A.G., 112 Hawai'i 195, 201, 145 P.3d 738, 744 (App. 2006) (citations omitted).

Given the applicable standards, we conclude that summary judgment on Jou's claims in Civil No. 09-1-1529 was not warranted on this record. It appears that all of these claims arise from Jou's contention that HEMIC acted improperly in recording the Fees/Cost Judgments and/or in failing to disclose the recording of the judgments during settlement negotiations. To the extent that the claims were dismissed based on the settlement agreement's release, the Judgment is vacated because HEMIC failed to establish when the claims asserted in Civil No.

09-1-1529 had accrued. In particular, HEMIC as movant failed to adduce any evidence or establish in the record that there was no genuine issue of material fact that Jou's claims in Civil No. 09-1-1529 had accrued by the time the 5/4/09 Memo was executed.[5]

HEMIC also did not establish that Jou's claims in Civil No. 09-1-1529 were precluded by Jou's agreement in the 5/4/09 Memo not to "initiate administrative, judicial, or other proceedings for 10 [years] . . . arising out of [services] provided by Jou or related providers (incl. Employers)." There is nothing in the record to suggest that the dismissed claims arise out of "[services] provided by Jou or related providers."

Finally, to the extent that the dismissal of claims in Civil No. 09-1-1529 was based on the circuit court's substantive determination of the merits, we must also vacate. As noted above, Jou asserted claims in Civil No. 09-1-1529 for tortious judgment lien; settlement fraud; settlement fraud (non disclosure making partial disclosure false); intentional infliction of emotional distress; and negligence. HEMIC's motion to dismiss the action was based on *enforcing the settlement agreement.* To the extent that HEMIC's "Motion To Enforce Settlement By Dismissing Action" argued about fraud, it was for the purpose of asserting that Jou's claims about settlement fraud were "irrelevant" and *could not excuse compliance with the terms and conditions of the settlement.* HEMIC's motion did not seek dismissal on the merits or demerits of the fraud claims. Likewise, HEMIC's motion did not seek dismissal or summary judgment on the substantive merits of the other claims asserted by Jou. Although the circuit court ultimately ruled, in part, on

---

[5] In opposing HEMIC's motion, Jou submitted his response to HEMIC's request for admissions and interrogatories in which he attests that "[o]n May 18, 2009, I was attempting to obtain refinancing on real estate when a loan officer discovered HEMIC's recordation of the judgment on September 22, 2008, Doc. Number 2008-147910. I was not aware that HEMIC had recorded the judgment or anything else." Jou's response does not explicitly state when he learned about the recording of the Fees/Cost Judgments, but viewed in the light most favorable to him as the non-moving party, his response suggests that he did not learn about the recording of the judgments until after the 5/4/09 Memo had been signed.

8

the substantive merits of some of the claims, the substantive merits were not properly raised or addressed by the parties.

## IV. Conclusion

Based on the foregoing, in Civil No. 03-1-1445, we affirm the "Order Granting Defendant HEMIC's Motion to Enforce Settlement" entered by the circuit court on June 15, 2010.

In Civil No. 09-1-1529, we vacate the Judgment entered by the circuit court on July 8, 2010 and the "Order Granting Defendant HEMIC's Motion to Enforce Settlement by Dismissing Action" entered on June 16, 2010. We remand in Civil No. 09-1-1529 (appellate case no. 30607) for further proceedings.

DATED: Honolulu, Hawai'i, November 15, 2013.


On the briefs:

Stephen M. Shaw
for Plaintiff-Appellant

Arthur S.K. Fong
Peter C.K. Fong
(Fong & Fong)
Gary Y. Okuda
(Leu & Okuda)
for Defendant-Appellee
HEMIC

Chief Judge

Associate Judge

Associate Judge